Filed 3/14/25  P. v. Zuniga CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RUDY ZUNIGA, JR.,<br><br>  Defendant and Appellant. | F086865<br><br>(Super. Ct. No. 15CMS7464)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Jessica Trieu-Simerly, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Rudy Zuniga, Jr., appeals from the denial of his petition for resentencing pursuant to Penal Code[1] section 1172.6 (formerly § 1170.95).  He contends

---

[1]     All further undesignated statutory references are to the Penal Code.

the trial court's findings that appellant was the actual perpetrator of attempted murder and harbored the intent to kill were not supported by sufficient evidence, and as such the court's determination he was ineligible for relief was error. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by information with attempted murder (§§ 664/187, subd. (a); count 1); robbery (§ 211; count 2); and conspiracy to commit robbery (§ 182, subd. (a)(1); count 3). It was further alleged appellant personally used a deadly and dangerous weapon, to wit, a knife (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)) in the commission of the crimes. Finally, it was alleged appellant had suffered a prison prior (§ 667.5, subd. (b)).

The victim, Margarito Cuevas-Velasquez, testified at the preliminary hearing that on October 31, 2015, he gave a female acquaintance a ride. The acquaintance and another woman directed him to what appeared to be an abandoned apartment. When he went inside the apartment, two men ran in; one was armed with a knife and the other with a pipe. Cuevas-Velasquez said that when the two men entered the apartment, "they started stabbing me to kill me." The men did not say anything; they just "started attacking" him. The man with the knife stabbed him seven times, and the man with the pipe hit him on his head. They stole his wallet, and after they attacked him, they ran away.

Cuevas-Velasquez initially identified appellant in court as one of the men who attacked him. When the prosecutor asked Cuevas-Velasquez what he saw appellant doing, he answered, "I didn't see him." When the prosecutor confronted him with the fact he had just identified appellant, Cuevas-Velasquez responded, "No, right now—well, because I don't know if it's for sure. But I didn't see him. I had never seen him. I didn't know him." Cuevas-Velasquez then stated he did not remember if appellant was one of the people who attacked him, did not recognize him, and when he previously identified him in court, he made a mistake. When asked who was stabbing him during the incident,

2.

Cuevas-Velasquez stated, "Well, like I said, later I found out it was Rudy Zuniga." Cuevas-Velasquez stated that when he was in the hospital following the attack, he circled the photograph of appellant as the person he believed that stabbed him.

Law enforcement officer Benjamin Beavers testified that he responded to the scene and observed Curvas-Velasquez lying on the ground outside the apartment covered in blood yelling for help. Cuevas-Velasquez had stab wounds to his head, upper torso area, lower right leg, and chest area, and some appeared to be deep.[2]

Prior to going to trial, appellant pled no contest to count 1 and admitted the great bodily injury allegation in exchange for a stipulated sentence of seven years for count 1 and three years for the enhancement for a total of 10 years in prison as well as the dismissal of the remaining counts and enhancements. During the plea colloquy, the court addressed appellant stating, "You're also admitting specifically that you attempted the murder of Margarito V., also caused great bodily injury. Is that correct?" Appellant responded, "Yes, sir." Appellant stipulated the preliminary hearing formed the factual

---

[2]    In addition to Cuevas-Velasquez's and Beavers's testimony, the prosecutor also elicited testimony from law enforcement officer John Harris. Harris testified that he showed Cuevas-Velasquez a six-pack photographic lineup including appellant, and Cuevas-Velasquez circled appellant's photograph.

Harris further testified that Cuevas-Velasquez's acquaintance who directed him to the scene was a codefendant in the case. She turned herself in to Harris and admitted she formed a plan to rob Cuevas-Velasquez, and her accomplices involved in the case were Frankie Huerta, appellant, and Vanessa Guzman, who was also the other woman Cuevas-Velasquez identified.

Harris also testified that he later spoke to Huerta, who admitted he and appellant attacked Cuevas-Velasquez and stole $200 and his car keys from him. Huerta said he was hitting Cuevas-Velasquez with his fists and appellant was stabbing Cuevas-Velasquez multiple times. Huerta also said he had tried to stop appellant from stabbing Cuevas-Velasquez by kicking appellant and saying, "Let's go."

This hearsay evidence was offered pursuant to section 872, subdivision (b) and thus does not appear to have been relied on by the trial court in evaluating appellant's section 1172.6 petition, as explained in the body of the opinion.

basis of the plea. Appellant was thereafter sentenced in accordance with the plea agreement.

On December 5, 2022, appellant filed a petition for recall and resentencing pursuant to section 1172.6 and was subsequently appointed counsel. In response, the People stipulated that appellant had made a prima facie showing for relief and that the matter should proceed to evidentiary hearing and requested the court to take judicial notice of the preliminary hearing transcript.

The evidentiary hearing was conducted on September 13, 2023. The court stated it had read the preliminary hearing transcript and the transcript from the entry of the plea hearing. The court overruled appellant's objection to the preliminary hearing transcript being considered. While the court entertained the People's argument that "Prop 115" statements introduced by officers at the preliminary hearing of codefendant identifications of appellant as the stabber, the court stated it, "doesn't even have to get to that point I don't think to reach a decision."

The court went on to explain that Cuevas-Velasquez's testimony, "which was not offered under Penal Code Section 872(b)," established that both perpetrators acted "in concert in a joint effort," the "number of wounds and locations of the wounds seems to be more than simply trying to injure," and that the victim felt "they both harbored an intent to kill at that point in time, since they're using deadly weapons in areas of a victim's body that would likely result in death." The court concluded, "It appears to me that the inference there is that they were simply going to kill him at that point in time."

The court went on, "And it appears that when you compare that with the entry of the plea, [appellant] was specifically asked and I quote, 'And you're also admitting specifically that you attempted the murder of Margarito V. also caused great bodily injury, is that correct?' Answer, 'Yes, sir.' It wasn't just he pled guilty to the charge, the phrase was that you specifically attempted to kill Margarito V., and the answer was yes." The court also noted that appellant admitted to personal infliction of great bodily injury

4.

and as the "only injuries that were described with any detail were the stabbing injuries … there is an inference from there it was [appellant] that did the stabbing as opposed to the blunt force trauma with the pipe."

The court concluded, "So considering all that it appears to me that the People have shown beyond a reasonable doubt that the defendant was convicted not because of reasonable for[see]able consequences, but because he was a—the actual perpetrator of the attempted murder of Margarito V., and therefore under 1172.6(a)(3), he can be convicted under the theory of the law that exists currently under the … state of the law today." Accordingly, the court denied the petition.

## DISCUSSION

Appellant contends the court erred by denying his section 1172.6 petition because the People failed to satisfy their burden beyond a reasonable doubt that (1) appellant was the actual perpetrator and (2) he intended to kill Cuevas-Velasquez. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), as relevant here, amended section 188 to prohibit the imputation of malice to a defendant "based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) It effectively abrogated the natural and probable consequences doctrine as a theory of liability for murder and attempted murder. (*People v. Curiel* (2023) 15 Cal.5th 433, 440.) Aider and abettors of a non-murder target offense can no longer be held liable for murder or attempted murder which was the natural and probable consequence of the target offense when the subjective mens rea of malice has not been proven on the part of the aider and abettor. (*People v. Lopez* (2023) 88 Cal.App.5th 566, 574–575.)

Section 1172.6 provides that a person convicted of, as relevant here, attempted murder under the natural and probable consequences theory may petition the court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order

to show cause and hold a hearing to determine whether to vacate the murder or manslaughter conviction. (*Id.*, subds. (c), (d)(1).)

At the evidentiary hearing, the court must "determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts." (§ 1172.6, subd. (d)(1).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (d)(3).) "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (*Ibid.*) "[H]earsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (*Ibid.*) "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

"[A] trial court's denial of a section 1172.6 petition is reviewed for substantial evidence. [Citation.] Under this standard, we review the record ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence— that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty [of murder under a still-valid theory] beyond a reasonable doubt.' " ' " (*People v. Reyes* (2023) 14 Cal.5th 981, 988.) We will not reverse unless there is no hypothesis upon which sufficient substantial evidence exists to support the trial court's decision. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) We must

"presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Jones* (1990) 51 Cal.3d 294, 314.)

"Our job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.)

Substantial evidence supports the court's finding that appellant was the actual perpetrator of attempted murder. While Cuevas-Velasquez was not definitive as to his in-court identification of appellant, he testified he identified appellant as the stabber in a photo lineup close to the time of the crime. The court found appellant's express admission to attempting to kill Cuevas-Velasquez and personally inflicting great bodily injury on him paired with the preliminary hearing testimony, which included testimony regarding the stab wounds, corroborated Cuevas-Velasquez's testimony and established appellant was the stabber and thus a direct perpetrator of the attempted murder. We conclude this analysis was reasonable and supported by the evidence before the trial court.

Substantial evidence also supports the court's finding that appellant harbored the intent to kill. The court could have reasonably concluded that by stabbing Cuevas-Velasquez multiple times in vital parts of the body that appellant intended to kill him. We note the trial court concluded the evidence showed both perpetrators appeared to be acting in concert with an intent to kill. Indeed, we agree that intent to kill could also be established even if the court concluded he was the perpetrator armed with the pipe because, as stated above, the court could have reasonably concluded appellant was present at the scene based on the testimony and his statements at the plea hearing, and the perpetrator with the pipe hit Cuevas-Velasquez in the head—a vital part of the body, and

without speaking, assisted the stabber by aiding in the attack, making it more difficult for the victim to defend himself or escape, and fleeing with the stabber following the attack.

Given these findings, the court appropriately concluded that appellant was guilty of attempted murder and that guilt was not premised on the natural and probable consequences doctrine. As such, appellant was not eligible for relief under section 1172.6.

We reject appellant's arguments contrary to our conclusions because they amount to requesting that we reweigh the evidence and thus do not take into account our standard of review. Appellant primarily highlights Cuevas-Velasquez's equivocation in making an identification of him. However, as we have pointed out, despite this equivocation, the trial court could have relied upon Cuevas-Velasquez's identification of appellant in the photographic lineup close in time to the incident and found it to be more credible than the withdrawal of his in-court identification, as Cuevas-Velasquez testified that his memory was better at the time he made the photographic identification.

We also reject appellant's argument that the court misused the transcript of the plea hearing. Appellant relies on *People v. Rivera* (2021) 62 Cal.App.5th 217 for the proposition that appellant's plea could not be relied upon to support the trial court's findings that he was the perpetrator or acted with intent to kill.[3] *Rivera* does not support appellant's claim.

The *Rivera* court explained that at the prima facie stage, the defendant's plea in that case was insufficient to establish he was ineligible for relief under section 1172.6 as a matter of law because where a defendant ultimately pleads to second degree murder, "the allegation of a special circumstance requiring an intent to kill does not preclude prosecution based on the natural and probable consequences doctrine." (*Rivera*, *supra*,

---

[3] To the extent appellant is arguing the court should not have considered any statements made during the plea, we conclude this argument has been forfeited by failure to object below. (Evid. Code, § 353; *People v. Delgado* (2017) 2 Cal.5th 544, 580.)

8.

62 Cal.App.5th at p. 234.) The *Rivera* court further explained that the defendant's stipulation to the grand jury transcript as the factual basis of the plea did not establish an admission he acted with actual malice because the statute only requires a prima facie factual basis for the charges, and, in any event, stipulation of counsel did not constitute a personal, binding admission by the defendant. (*Id*. at p. 235.) In addition, the trial court could not rely on the grand jury's transcript to bar relief because the grand jury was only required to find probable cause to believe the defendant committed the charged crime and thus the grand jury's return of an indictment "does not reflect a determination that [the theories they were instructed on] are the only viable theories available, much less that murder has been proven under them beyond a reasonable doubt." (*Id*. at pp. 237–238.)

*Rivera* is inapposite. It addressed the prima facie stage of a section 1172.6 petition when a court is not permitted to engage in factfinding to determine whether the defendant is guilty beyond a reasonable doubt.[4] *Rivera* demonstrates that, in order to justify denial at the prima facie stage, the record of conviction must establish conclusively beyond a reasonable doubt that a conviction was based on a valid theory. (See *People v. Strong* (2022) 13 Cal.5th 698, 720 ["Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now

---

[4]    We note, though it is not directly related to the issues present in appellant's appeal, that the California Supreme Court has recently clarified that a "petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing," and "[w]here facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Patton* (March 3, 2025, S279670) __ Cal.5th __ [2025 Cal. LEXIS 1165, *19-*20].) The court also disapproved of appellate court decisions "to the extent they conditioned the use of preliminary hearing transcripts [at the prima facie stage] on whether a petitioner previously admitted the truth of testimony contained therein or stipulated to the transcript as the factual basis of a plea." (*Id*. at p. *25, fn. 12.)

required for a murder, attempted murder, or manslaughter conviction."].)  While in the present case appellant's plea itself may not have established ineligibility as a matter of law, we do not believe the concepts set forth in *Rivera* extend so far as to stand for the proposition that at the evidentiary hearing stage, the court is not permitted to consider statements and admissions made at the plea hearing in light of the other evidence presented and draw reasonable inferences therefrom to determine whether the People had met their burden of proof, as the court did here.

Given the totality of the court's statements at the section 1172.6 petition hearing, in our view, the trial court made an independent evaluation of all the evidence before it and considered appellant's statements, admissions, and plea in conjunction with the rest of the evidence, primarily to lend credibility to Cuevas-Velasquez's identification of appellant as the stabber and to buttress the evidence that appellant harbored the intent to kill.  There is no evidence the court improperly relied on appellant's plea or admissions to bar relief without engaging in the appropriate fact finding applying the beyond-a-reasonable-doubt standard.

For the above reasons, we conclude the trial court did not err in denying appellant's section 1172.6 petition.

## DISPOSITION

The court's order denying appellant's section 1172.6 petition is affirmed.


                                                DE SANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


SNAUFFER, J.

10.